ELECTRONIC

**Nov. 12, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

6417

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
CIVIL ACTION

CASE NO.  **09-14375-Civ-GRAHAM/LYNCH**

KENNETH MURRAY,

      Plaintiff,

vs.

GEOVERA SPECIALTY INSURANCE COMPANY,
A foreign corporation

_____/

## DEFENDANT, GEOVERA SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Sections 141 and 1146, Defendant GEOVERA SPECIALTY INSURANCE COMPANY files this Notice of Removal and removes the action styled: KENNETH MURRAY vs. GEOVERA SPECIALTY INSURANCE COMPANY, Case No.: 09-2902 CA, from the 19th Judicial Circuit Court in and for Martin County, Florida, to the United States District Court for the Southern District of Florida. Pursuant to 28 U.S.C. Section 1446(a), attached to this Notice of Removal are copies of the initial process, pleadings and discovery served on defendant. (**Exhibit "A-1-32"**) No other pleadings have been filed in the state court file.

Accordingly, in accordance with Section 1446(d), a copy of the Notice of Removal is being promptly filed with the Clerk of the Circuit Court of the 19th Judicial Circuit in and for Martin County, Florida and all adverse parties have been provided with a copy of same. See Notice of Removal filed in state court attached as **Exhibit "B"**.

-1-

CASE NO. _____
Kenneth Murray vs. GeoVera Specialty Insurance Company
Defendant GeoVera's Notice of Removal

The basis for removal is diversity of citizenship under 28 U.S.C. Section 1332.

The Defendant, GEOVERA SPECIALTY INSURANCE COMPANY is a California corporation with its principal place of business in the State of California. The Plaintiff is a resident of the State of Florida.

The matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. Accordingly, the United States District Court for the Southern District of Florida has jurisdiction. Pursuant to 28 U.S.C. Section 1441(a), venue is proper in this court because its district and the division embrace the place where the action was pending.

Defendant was served with this action on October 16, 2006. Therefore, pursuant to 28 U.S.C. Section 1446(b) this Notice of Removal is timely filed.

### **RULE 11 CERTIFICATION**

The undersigned counsel certifies that counsel has read the foregoing Notice of Removal and knows the contents thereof and that the contents are true and correct to the best of his knowledge, information and belief.

WHEREFORE, Defendant, GEOVERA SPECIALTY INSURANCE COMPANY respectfully requests that the above-mentioned state court action, KENNETH MURRAY vs. GEOVERA SPECIALTY INSURANCE COMPANY, Case No.: 09-2902 CA, from the 19th Judicial Circuit Court in and for Martin County, Florida, be removed there from to this Court.

CASE NO. _____

Kenneth Murray vs. GeoVera Specialty Insurance Company

Defendant GeoVera's Notice of Removal

Respectfully submitted this *12th* day of November, 2009.

GROELLE & SALMON, P.A.

By: _____

Jonathan M. Sabghir, Esq.

FBN 394696

## CERTIFICATION

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email and first class U.S. Mail this *12th* day of November, 2009 to:

John E. Thomas, Esq.

Marshall Thomas Burnett, P.L.

200 N. Pierce Street, First Floor

Tampa FL 33602

Tel: 813-221-2525

Fax: 813-227-8900

Email: jthomas@mtblaw.com

FBN 097519

GROELLE & SALMON, P.A.

Attorneys for Defendant

12012 South Shore Blvd., Suite 200

Wellington, FL 33414

Phone 561-963-5500

Fax 561-963-2265

Email jsabghir@gspalaw.com

By: _____

Jonathan M. Sabghir, Esq.

FBN 394696

-3-

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services



09-56414

KENNETH MURRAY,

PLAINTIFF(S),

VS.

GEOVERA SPECIALTY INSURANCE COMPANY
F/K/A USF&G SPECIALTY INSURANCE COMPANY,

DEFENDANT(S).
_____/

CASE #:    09 2902 CA
COURT:     CIRCUIT COURT
COUNTY:    MARTIN
DFS-SOP#: 09-56414

SUMMONS, COMPLAINT AND JURY TRIAL DEMAND, DISCOVERY

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida. Said process was received in my office by MAIL on the 15th day
of October, 2009 and a copy was forwarded by Electronic Delivery on the 16th day of October,
2009 to the designated agent for the named entity as shown below.

GEOVERA SPECIALTY INSURANCE COMPANY
LYNETTE COLEMAN  (gbarber@cscinfo.com)
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE FL 32301

* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

JOHN E. JED THOMAS, ESQUIRE
FIRST FLOOR                                                          LMK
200 N. PIERCE STREET
TAMPA FL 33602

Division of Legal Services - Service of Process Section
200 East Gaines Street  - P.O. Box 6200 - Tallahassee, Florida 32314-6200 - (850) 413-4200 - Fax (850) 922-2544

4 of 38

Exhibit "A-1 of 32"
(5)

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA
CIVIL DIVISION

KENNETH MURRAY,

     Plaintiff,

vs.

GEOVERA SPECIALTY INSURANCE
COMPANY f/k/a USF&G SPECIALTY
INSURANCE COMPANY,

     Defendants.

_____/

Case No.:
Division:

09 890 BC

JUDGE ELIZABETH A. METZGER

**SUMMONS**

THE STATE OF FLORIDA:

TO FLORIDA DEPARTMENT OF INSURANCE:

     YOU ARE HEREBY COMMANDED to serve: (i) this Summons; (ii) a copy of the Complaint; (iii) Plaintiff's First Request for Production to Defendant; (iv) Plaintiff's First Request for Admissions to Defendant; (v) Plaintiff's Notice of Serving First Set of Interrogatories; and (vi) Plaintiff's First Set of Interrogatories to Defendant in the above-styled cause upon the Defendant(s):

          GEOVERA SPECIALTY INSURANCE COMPANY f/k/a USF&G
          SPECIALTY INSURANCE COMPANY
          c/o Service of Process Section
          Chief Financial Officer
          Post Office Box 6200
          Tallahassee, Florida 32314-6200

     Each Defendant is hereby required to serve written defenses to said Complaint on Plaintiff's attorney, whose name and address is:

          John E. "Jed" Thomas, Esquire
          Marshall Thomas Burnett, P.L.
          200 N. Pierce Street, First Floor
          Tampa, Florida 33602

within twenty (20) days after service of this Summons upon that Defendant, exclusive of the date of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

     WITNESS my hand and the seal of said Court on **10/5**, 2009.

NOTICE TO PERSONS WITH DISABILITIES
If you are a person with a disability who needs any assistance in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Clerk of Court's Administration Division, 100 E. Ocean Blvd., Ste. 200, Stuart, FL 34994, 772-288-5576 within 2 working days of your receipt of this document. If you are hearing or voice impaired, call 1-800-955-8771 .

MARSHA EWING
CLERK OF THE CIRCUIT COURT

By LEVI JOHNSON

     Deputy Clerk

*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Clerk of Court's Administration Division, 100 E. Ocean Blvd., Suite 200, Stuart, FL 34994, 772-288-5576 within 2 working days of your receipt of this document. If you are hearing or voice impaired, call 1-800-955-8771.*

Exhibit "A-2 of 32"

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA
CIVIL DIVISION

KENNETH MURRAY,

    Plaintiff,

v.

GEOVERA SPECIALTY INSURANCE
COMPANY F/K/A USF&G SPECIALTY
INSURANCE COMPANY,

    Defendant.

Case No.:
Division:

09-2902CA

_____/

## COMPLAINT AND JURY TRIAL DEMAND

    Plaintiff, KENNETH MURRAY ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, GEOVERA SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY INSURANCE COMPANY ("Defendant"), and as grounds therefore would state as follows:

    1.    This is an action for damages in excess of fifteen thousand dollars ($15,000) exclusive of interest, attorneys' fees, and costs.

    2.    At all times material hereto, Plaintiff was and is the owner of that certain real property located at 1049 Southwest 31st Street, Palm City, Martin County, Florida.

    3.    That on or about January 19, 2008, Plaintiff procured or renewed a policy of homeowners insurance from Defendant for the above-referenced property, a copy of which is not attached but is in the possession of Defendant and has been requested.

    4.    Plaintiff has renewed said policy each and every year and has paid all premiums due thereunder.

    5.    On or about April 12, 2008, while said policy was in full force and effect, Plaintiff discovered damage to his home, including, but not limited to, progressive physical damage to the

Exhibit "A-3 of 32"

walls and floors of the residence.

6.      The damage to the Plaintiff's home is caused by a covered peril under the policy.

7.      Plaintiff has made an application for insurance benefits under the policy, but Defendant has failed and refuses to pay said benefits Plaintiff is entitled to for his loss.

8.      All conditions precedent to obtaining payment of said benefits under the policy from Defendant have been complied with, met, or waived.

9.      The Defendant has breached the policy of insurance by failing to pay all the benefits due thereunder.

10.     Plaintiff is suffering direct physical damage to his home and property.

11.     Plaintiff is entitled to the full cost of repairs of the damage to his home including, but not limited to, remediation of subsurface conditions, restoration of the foundation, cosmetic repair, repairs of the cracks, structural repair, temporary repairs and other expenses necessary to repair the subject home and, if the home is not repairable within the applicable coverage limits, an amount equal to such limits for the total loss.

12.     Due to Defendant's refusal to pay the losses sustained by Plaintiff, Plaintiff has been required to retain the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

13.     Plaintiff is entitled to attorneys' fees pursuant to section 627.428, Florida Statutes.

14.     Defendant owes prejudgment interest, expert fees, costs, attorneys' fees, the costs of all structurally necessary repairs, and, if the home is not repairable within applicable coverage limits, an amount equal to such limits for the total loss.

2

Exhibit "A-4 of 32"

WHEREFORE, Plaintiff demands judgment against Defendant for: (i) all general and special damages including, but not limited to the full cost of repair or replacement of Plaintiff's home; (ii) pre-judgment interest; and (iii) Court costs, costs, expert fees and attorneys' fees pursuant to section 627.428, Florida Statutes, and such other and further relief as the court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated this 18th day of September, 2009.

ALAN S. MARSHALL, ESQUIRE
FBN: 0356603
JOHN E. "JED" THOMAS, ESQUIRE
FBN: 097519
JOSHUA M. ZUDAR, ESQUIRE
FBN: 0059616
MARSHALL THOMAS BURNETT, P.L.
200 N. Pierce Street, First Floor
Tampa, Florida 33602
Telephone:    (813) 221-2525
Facsimile:    (813) 227-8900
Attorneys for Plaintiff

3

Exhibit "A-5 of 32"

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA
CIVIL DIVISION

KENNETH MURRAY,

      Plaintiff,

v.

                                   Case No.:
                                   Division:

GEOVERA SPECIALTY INSURANCE
COMPANY F/K/A USF&G SPECIALTY
INSURANCE COMPANY,

      Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

      Plaintiff, KENNETH MURRAY ("Plaintiff"), by and through his undersigned counsel

and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests that

Defendant, GEOVERA SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY

INSURANCE COMPANY, produce for inspection, copying or photographing at the office of

MARSHALL THOMAS BURNETT, P.L., 200 N. Pierce Street, First Floor, Tampa, Florida, 33602,

within forty-five (45) days of receipt hereof, or at such other time and place as may be agreed

upon between counsel, all documents and things in the possession, custody or control of

Defendant, which are responsive to the requests contained in the numbered paragraphs below:

      I.     **DEFINITIONS AND INSTRUCTIONS**

      A.     As used herein, "Defendant," "you" or "your" shall mean Defendant, GEOVERA

SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY INSURANCE

COMPANY, its affiliates, partners, agents, servants, employees, attorneys, expert witnesses,

accountants, auditors, and all persons or entities over which Defendant has control or have been

hired, retained or employed for any purpose by it, whether directly by it or through any other

Exhibit "A-6 of 32"

person or entity.

B.     As used herein, the term "document" or "documents" shall be defined to include any and all documents, memoranda (including written memoranda of telephone conversations, oral communications, discussions, agreements, acts or activities), letters, postcards, telegrams, messages (including telephone messages), facsimiles, intra- and interoffice communications, correspondence, handwritten and/or typewritten notes, pamphlets, diaries, records of any kind, sound recordings, contracts, agreements, books, letters, reports, catalogues, financial statements, receipts, invoices, billing statements (including credit card and telephone statements), purchase orders, proposals, affidavits, advertisements, solicitations, indices, data processing cards, other data processing materials, data, maps, directives, desk pads, calendars, scrap books, notebooks, drawings, diagrams, sketches, statistical records, appointment books, diaries, computer printouts, data processing input and output, computer input and output, e-mail, microfilms, other records kept by electronic, photographic or mechanical means, and writing of every kind and character, including preliminary drafts and other copies of the foregoing, however produced or reproduced. If multiple copies of a document exist, each copy which is any way not completely identical to a copy which is being produced should also be produced.

C.     As employed herein, "all documents" shall refer to and shall include every document as above-defined, known to you and every such document or thing that can be located or discovered by reasonable diligent efforts, whether or not originally in your custody, possession or control.

D.     When producing the requested documents and things, please produce same as they are kept in the usual course or business or label them to correspond with the categories of this request for production.

2

Exhibit "A-7 of 32"

E.      If you claim a privilege as to any documents or thing encompassed by this request for production, you are requested to make the claim expressly and describe the nature of the documents, communications or things not produced or disclosed in a manner that without revealing information itself privileged or protected, will enable the Plaintiff to assess the applicability of the privilege or protection claimed.

F.      The words "relating to" mean concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting, or including.

3

Exhibit "A-8 of 32"

## II. DOCUMENTS TO BE PRODUCED

1. Copies of any and all reports, drafts, charts, drawings, diagrams, and memoranda showing or intending to show the cause of damage to the Plaintiff's property or the properties immediately adjacent to the Plaintiff's property.

2. A certified copy of Plaintiff's all-risk homeowners insurance policy that was in full force and effect at the time Plaintiff's claim was made.

3. Copies of any and all field logs regarding the findings of drillings completed at the Plaintiff's home.

4. Copies of any and all repair estimates with regard to the Plaintiff's home.

5. Copies of any photographs and/or videos taken of the Plaintiff's home with regard to any inspection or testing performed by a representative of or anyone contracted by the Defendant.

6. Copies of any and all correspondence or notices between Plaintiff and Defendant with regard to this claim.

7. Copies of any and all documents signed by Plaintiff.

8. Copies of any notes, memoranda, diaries, reports, photographs, video, etc. of any person who visited the Property and/or spoke with Plaintiff on behalf of Defendant.

9. Copies of all documentation of any nature used by you in making the decision as to whether or not coverage would be provided to the Plaintiff on this claim.

10. Copies of any and all reports, memoranda, or other documents regarding the existence of any alleged sinkhole activity investigated by you or anyone else within a two block radius of the Property.

11. Documentation of any nature reviewed by you regarding any prior claims submitted to you by other insureds to assist you in determining whether or not there have ever been any other investigations for sinkhole activity on nearby properties.

12. Copies of any and all documents of any nature provided to Defendant's geological experts to assist them in the investigation of this claim.

13. Copies of any and all statements, forms, recordings or transcripts of recordings of statements made by Plaintiff with regard to this claim.

14. Copies of any and all documents which support, refute, or otherwise relate to Defendant's Affirmative Defenses and Responses to Admissions herein.

Exhibit "A-9 of 32"

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, together with the Summons and Complaint, to Defendant, GEOVERA SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY INSURANCE COMPANY, care of the Florida Chief Financial Officer as RA, Service of Process Section, Post Office Box 6200, Tallahassee, Florida 32314-6200, as of the date so indicated on the corresponding Return of Service.

ALAN S. MARSHALL, ESQUIRE
FBN: 0356608
JOHN E. "JED" THOMAS, ESQUIRE
FBN: 097519
JOSHUA M. ZUDAR, ESQUIRE
FBN: 0059616
MARSHALL THOMAS BURNETT, P.L.
200 N. Pierce Street, First Floor
Tampa, Florida 33602
Telephone:    (813) 221-2525
Facsimile:    (813) 227-8900
Attorneys for Plaintiff

5

Exhibit "A-10 of 32"

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA
CIVIL DIVISION

KENNETH MURRAY,

    Plaintiff,

v.

GEOVERA SPECIALTY INSURANCE
COMPANY F/K/A USF&G SPECIALTY
INSURANCE COMPANY,

    Defendant.

_____/



Case No.:
Division:

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Plaintiff, KENNETH MURRAY ("Plaintiff"), by and through his undersigned counsel and pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, hereby requests that Defendant, GEOVERA SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY INSURANCE COMPANY ("Defendant"), respond to Plaintiff's First Request For Admissions to Defendant within forty-five (45) days of receipt hereof, and admit or deny the following:

1.     That on or about April 12, 2008, Plaintiff was the owner of that certain real property located at 1049 Southwest 31st Street, Palm City, Martin County, Florida.

2.     That on or about January 19, 2008, Plaintiff purchased or renewed a policy of homeowners insurance from Defendant on that certain real property located at 1049 Southwest 31st Street, Palm City, Martin County, Florida.

3.     That the above-mentioned policy of insurance covered damage to Plaintiff's property if the damage was caused by sinkhole activity.

4.     That the policy of insurance issued by Defendant, GEOVERA SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY INSURANCE COMPANY, to the

Exhibit "A-11 of 32"

Plaintiff, KENNETH MURRAY, insuring the real property known as 1049 Southwest 31st Street, Palm City, Martin County, Florida, was an all-risk policy.

5.     That there is physical damage to Plaintiff's real property located at 1049 Southwest 31st Street, Palm City, Martin County, Florida.

6.     That Plaintiff has made an application for insurance benefits under his policy of homeowners insurance.

7.     That Plaintiff first reported damage to his home on or about April 12, 2008, while the above referenced policy was in full force and effect.

8.     That BCI Engineers & Scientists, Inc. inspected the damage to Plaintiff's property.

9.     That BCI Engineers & Scientists, Inc. determined the damage to the Plaintiff's home and property could not have been caused by sudden settlement or collapse of the earth supporting such property as a result of subterranean voids created by the action of water on a limestone or similar rock formation.

10.    That based on the results of the Subsidence Investigation Report, prepared by BCI Engineers & Scientists, Inc. at Defendant's request, Defendant advised Plaintiff that BCI Engineers & Scientists, Inc. had concluded that the damage to the insured premises was caused by an excluded peril under the policy and not sinkhole activity.

11.    That Defendant has refused to pay Plaintiff's claim.

12.    That Plaintiff has complied with all conditions precedent to obtaining benefits under his policy of homeowners insurance from Defendant.

13.    That Defendant has breached its policy of insurance by failing to pay benefits to Plaintiff for his property damage claim.

Exhibit "A-12 of 32"

14.     That Defendant owes prejudgment interest, expert fees, costs, and attorneys' fees of this action.

15.     That Plaintiff is entitled to attorneys' fees and costs of pursuing this action in the event Plaintiff is the prevailing party.

16.     That Defendant has failed to comply with all of the statutory requirements of section 627.707, Florida Statutes.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished together with the Summons and Complaint to GEOVERA SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY INSURANCE COMPANY, care of the Florida Chief Financial Officer as RA, Service of Process Section, Post Office Box 6200, Tallahassee, Florida, 32314-6200, as of the date so indicated on the corresponding Return of Service.

ALAN S. MARSHALL, ESQUIRE
FBN: 0356603
JOHN E. "JED" THOMAS, ESQUIRE
FBN: 097519
JOSHUA M. ZUDAR, ESQUIRE
FBN: 0059616
MARSHALL THOMAS BURNETT, P.L.
200 N. Pierce Street, First Floor
Tampa, Florida 33602
Telephone:     (813) 221-2525
Facsimile:     (813) 227-8900
Attorneys for Plaintiff

Exhibit "A-13 of 32"

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA
CIVIL DIVISION

KENNETH MURRAY,

     Plaintiff,

v.

Case No.: 09 2904CA

Division:

GEOVERA SPECIALTY INSURANCE
COMPANY F/K/A USF&G SPECIALTY
INSURANCE COMPANY,

     Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES

     Plaintiff, KENNETH MURRAY, by and through his undersigned counsel and pursuant to Rule 1.340(e) of the Florida Rules of Civil Procedure, hereby gives notice that an original and one copy of Plaintiff's First Set of Interrogatories to Defendant, numbered 1 through 12, have been served upon Defendant, GEOVERA SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY INSURANCE COMPANY, which is required to provide its answers in writing and under oath within forty-five (45) days of receipt hereof.

### CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished together with the Summons and Complaint to GEOVERA SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY INSURANCE COMPANY, care of the Florida Chief Financial Officer as RA, Service of Process Section, Post Office Box 6200, Tallahassee, Florida 32314-6200, as of the date so indicated on the corresponding Return of Service.

ALAN S. MARSHALL, ESQUIRE
FBN: 0356603
JOHN E. "JED" THOMAS, ESQUIRE
FBN: 097519
JOSHUA M. ZUDAR, ESQUIRE
FBN: 0059616
MARSHALL THOMAS BURNETT, P.L.
200 N. Pierce Street, First Floor
Tampa, Florida 33602
Telephone:    (813) 221-2525
Facsimile:    (813) 227-8900

Exhibit "A-14 of 32"

Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA
CIVIL DIVISION

KENNETH MURRAY,

     Plaintiff,

v.                                                                    Case No.:
                                                                      Division:
GEOVERA SPECIALTY INSURANCE
COMPANY F/K/A USF&G SPECIALTY
INSURANCE COMPANY,

     Defendant.

_____/

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT

Plaintiff, KENNETH MURRAY, by and through his undersigned counsel and pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, requests that Defendant, GEOVERA SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY INSURANCE COMPANY, answer under oath the following interrogatories within forty-five (45) days of receipt hereof:

### I.   DEFINITIONS

A.   The terms "Defendant," "you," "your," or "yours" shall mean GEOVERA SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY INSURANCE COMPANY, its representatives, agents, servants, employees, attorneys, expert witnesses, accountants, auditors and all persons or entities over whom it has control or have been hired, retained or employed by it to act on its behalf for any purpose whatsoever.

B.   The term "Plaintiff" shall mean KENNETH MURRAY, his representatives, agents, servants, employees, attorneys, expert witnesses, accountants, auditors and all persons or

2

Exhibit "A-15 of 32"

entities over whom they have control or have been hired, retained or employed by them to act on his behalf for any purpose whatsoever.

    C.    The term "person" means any individual, corporation, partnership, joint venture, group, association, body politic, government agency, unit or other organization.

    D.    The terms "identify" or "the identity of" or equivalent language with reference to a natural person shall mean to give his or her entire name, his or her last known residence address, and, if employed, the name and address of his or her employer and his or her job title or position. With reference to a person who is not an individual, such terms mean to state the full name and principal office address of such person.

    E.    "Document" or "documents" shall mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all writings, letters, telegrams, telexes, teletypes, correspondence, contracts, drafts, agreements, notes to file, reports, pictures, photographs, tapes, memoranda, mechanical and electronic recordings or transcripts of same, blueprints, flow sheets, calendar or diary entries, memoranda of conversations, telephonic or otherwise, memoranda of meetings or conferences, studies, reports, interoffice and intraoffice communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, propositions, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers, canceled checks, check stubs, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness, and all drafts and copies of documents as hereinabove defined by whatever means made. If multiple copies of any documents exist, each copy which is in any way not completely identical to a copy which is referenced shall also be produced.

    F.    The terms "the identity of" or to "identify" or equivalent language shall with reference to a document mean to:

3

Exhibit "A-16 of 32"

(1)    Describe it in language which would be sufficient to obtain its production if used in a request for production directed to you;

(2)    State its customary business description, its nature and substance with sufficient particularity to enable it to be identified, its number (if any), and its date (if any);

(3)    Identify the person(s) who generated it and its current custodian(s).

4

Exhibit "A-17 of 32"

## II.   INTERROGATORIES

1.      What is your name, address and if you are answering for someone else, your official position.

2.      List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings in this matter, and specify the subject matter about which the person has knowledge.

3.      Please state with specificity your claims handling policies and procedures in connection with the filing of a claim for property damage by an existing insured while the policy is in full force and effect.  Please identify the respective roles of your Claims Department and Underwriting Department in connection therewith.

5

Exhibit "A-18 of 32"

4.      Are you aware of any other alleged sinkhole activity that has been investigated by you or any other insurance carrier within a one-mile radius of the Plaintiff's property during the past five (5) years?  If answering affirmatively, please identify: (i) the address(es) of the area investigated; (ii) the party, if you are aware, that conducted the investigation; (iii) whether or not the site contained a confirmed sinkhole; and (iv) whether or not the property was repaired, and if so, the method or repair.

5.      Prior to your denial of Plaintiff's claim for insurance coverage, did you review any prior claims history to determine whether there have ever been any other investigations for sinkhole activity on nearby properties?  If answering affirmatively, please identify:  (i) the specific areas where the claims were filed; (ii) the engineering company retained by you to conduct the investigation for each such claim; and (iii) whether or not you provided coverage for the claim. (The term "nearby properties" is to include any property within a one-mile radius of the Plaintiff's home.)

6.      At or before the Plaintiff's claim for insurance coverage was denied, do you contend that you ruled out the existence of sinkhole activity within a reasonable degree of scientific certainty?  If answering in the negative, please identify: (i) the additional investigation you assert will be necessary to make such a determination; and (ii) whether you intend on conducting this additional investigation.  If answering in the affirmative, please specifically identify all facts and circumstance which you believe support such a contention and state whether you complied with the minimum standards for investigation of sinkhole claims set forth in section 627.707, Florida Statutes.

6

Exhibit "A-19 of 32"

7.      Are the coverage(s) provided to policyholders such as the Plaintiff subject to any inflation index or formula determination prior to any payment under the policy? If answering in the affirmative, please identify: (i) the specific formula utilized; (ii) the source of the formula (i.e. section of the policy identifying the formula); and (iii) any variables effecting such a calculation.

8.      State the facts and circumstances upon which you rely for each affirmative defense set forth in your Answer and Affirmative Defenses.

9.      Do you contend that anything other than a covered peril under the subject homeowners policy is, or may be, the cause, in whole or in part, of damage to the insured premises, for which claims have been asserted against you in this lawsuit? If so, state the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have previously notified Plaintiff of your contention.

7

Exhibit "A-20 of 32"

10.     Have you ever heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

11.     State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, video-tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

12.     For each claim for insurance benefits submitted to you by Plaintiff during the past four (4) years, please state: (i) the date Plaintiff first reported the loss to you; (ii) the "date of loss" or date associated with the claim; (iii) whether the claim was denied; (iv) if any payment was tendered or offered, the amount and date of such payment or offer; and (v) the policy number, coverage limits and policy period of any insurance policy in effect at the time the claim was submitted.

8

GEOVERA SPECIALTY INSURANCE COMPANY F/K/A
USF&G SPECIALTY INSURANCE COMPANY,

By: _____

STATE OF FLORIDA

COUNTY OF _____

     The foregoing instrument was acknowledged before me this _____ day of _____, 2009, by _____ who is personally known to me or who has produced _____ as identification and who did (did not) take an oath, and who says that he/she executed the foregoing Answers to Interrogatories and that the Answers are true and correct to the best of his/her knowledge and belief.

(seal)

_____
Notary Public

_____
Printed Name

9

Exhibit "A-22 of 32"

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY, FLORIDA
CIVIL DIVISION

KENNETH MURRAY,

     Plaintiff,

v.

                             Case No.:

GEOVERA SPECIALTY INSURANCE     Division:
COMPANY F/K/A USF&G SPECIALTY
INSURANCE COMPANY,

     Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES

     Plaintiff, KENNETH MURRAY, by and through his undersigned counsel and pursuant to Rule 1.340(e) of the Florida Rules of Civil Procedure, hereby gives notice that an original and one copy of Plaintiff's First Set of Interrogatories to Defendant, numbered 1 through 12, have been served upon Defendant, GEOVERA SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY INSURANCE COMPANY, which is required to provide its answers in writing and under oath within forty-five (45) days of receipt hereof.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished together with the Summons and Complaint to GEOVERA SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY INSURANCE COMPANY, care of the Florida Chief Financial Officer as RA, Service of Process Section, Post Office Box 6200, Tallahassee, Florida 32314-6200, as of the date so indicated on the corresponding Return of Service.

                                     ALAN S. MARSHALL, ESQUIRE
                                     FBN: 0356603
                                     JOHN E. "JED" THOMAS, ESQUIRE
                                     FBN: 097519
                                     JOSHUA M. ZUDAR, ESQUIRE
                                     FBN: 0059616
                                     MARSHALL THOMAS BURNETT, P.L.
                                     200 N. Pierce Street, First Floor
                                     Tampa, Florida 33602
                                     Telephone:    (813) 221-2525
                                     Facsimile:    (813) 227-8900

Exhibit "A-23 of 32"

Attorneys for Plaintiff

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**IN AND FOR MARTIN COUNTY, FLORIDA**
**CIVIL DIVISION**

KENNETH MURRAY,

     Plaintiff,

v.                            Case No.:
                                Division:

GEOVERA SPECIALTY INSURANCE
COMPANY F/K/A USF&G SPECIALTY
INSURANCE COMPANY,

     Defendant.

_____/

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT

Plaintiff, KENNETH MURRAY, by and through his undersigned counsel and pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, requests that Defendant, GEOVERA SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY INSURANCE COMPANY, answer under oath the following interrogatories within forty-five (45) days of receipt hereof:

I.    **DEFINITIONS**

    A.    The terms "Defendant," "you," "your," or "yours" shall mean GEOVERA SPECIALTY INSURANCE COMPANY F/K/A USF&G SPECIALTY INSURANCE COMPANY, its representatives, agents, servants, employees, attorneys, expert witnesses, accountants, auditors and all persons or entities over whom it has control or have been hired, retained or employed by it to act on its behalf for any purpose whatsoever.

    B.    The term "Plaintiff" shall mean KENNETH MURRAY, his representatives, agents, servants, employees, attorneys, expert witnesses, accountants, auditors and all persons or

2

Exhibit "A-24 of 32"

entities over whom they have control or have been hired, retained or employed by them to act on his behalf for any purpose whatsoever.

     C.     The term "person" means any individual, corporation, partnership, joint venture, group, association, body politic, government agency, unit or other organization.

     D.     The terms "identify" or "the identity of" or equivalent language with reference to a natural person shall mean to give his or her entire name, his or her last known residence address, and, if employed, the name and address of his or her employer and his or her job title or position. With reference to a person who is not an individual, such terms mean to state the full name and principal office address of such person.

     E.     "Document" or "documents" shall mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all writings, letters, telegrams, telexes, teletypes, correspondence, contracts, drafts, agreements, notes to file, reports, pictures, photographs, tapes, memoranda, mechanical and electronic recordings or transcripts of same, blueprints, flow sheets, calendar or diary entries, memoranda of conversations, telephonic or otherwise, memoranda of meetings or conferences, studies, reports, interoffice and intraoffice communications, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, maps, charts, graphs, propositions, articles, announcements, newspaper clippings, books, records, tables, books of account, ledgers, vouchers, canceled checks, check stubs, invoices, bills, opinions, certificates, promissory notes and other evidence of indebtedness, and all drafts and copies of documents as hereinabove defined by whatever means made. If multiple copies of any documents exist, each copy which is in any way not completely identical to a copy which is referenced shall also be produced.

     F.     The terms "the identity of" or to "identify" or equivalent language shall with reference to a document mean to:

3

Exhibit "A-25 of 32"

(1)     Describe it in language which would be sufficient to obtain its production if used in a request for production directed to you;

(2)     State its customary business description, its nature and substance with sufficient particularity to enable it to be identified, its number (if any), and its date (if any);

(3)     Identify the person(s) who generated it and its current custodian(s).

4

Exhibit "A-26 of 32"

## II.  INTERROGATORIES

1.  What is your name, address and if you are answering for someone else, your official position.

2.  List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings in this matter, and specify the subject matter about which the person has knowledge.

3.  Please state with specificity your claims handling policies and procedures in connection with the filing of a claim for property damage by an existing insured while the policy is in full force and effect.  Please identify the respective roles of your Claims Department and Underwriting Department in connection therewith.

5

Exhibit "A-27 of 32"

4.      Are you aware of any other alleged sinkhole activity that has been investigated by you or any other insurance carrier within a one-mile radius of the Plaintiff's property during the past five (5) years? If answering affirmatively, please identify: (i) the address(es) of the area investigated; (ii) the party, if you are aware, that conducted the investigation; (iii) whether or not the site contained a confirmed sinkhole; and (iv) whether or not the property was repaired, and if so, the method or repair.

5.      Prior to your denial of Plaintiff's claim for insurance coverage, did you review any prior claims history to determine whether there have ever been any other investigations for sinkhole activity on nearby properties? If answering affirmatively, please identify: (i) the specific areas where the claims were filed; (ii) the engineering company retained by you to conduct the investigation for each such claim; and (iii) whether or not you provided coverage for the claim. (The term "nearby properties" is to include any property within a one-mile radius of the Plaintiff's home.)

6.      At or before the Plaintiff's claim for insurance coverage was denied, do you contend that you ruled out the existence of sinkhole activity within a reasonable degree of scientific certainty? If answering in the negative, please identify: (i) the additional investigation you assert will be necessary to make such a determination; and (ii) whether you intend on conducting this additional investigation. If answering in the affirmative, please specifically identify all facts and circumstance which you believe support such a contention and state whether you complied with the minimum standards for investigation of sinkhole claims set forth in section 627.707, Florida Statutes.

6

Exhibit "A-28 of 32"

7. Are the coverage(s) provided to policyholders such as the Plaintiff subject to any inflation index or formula determination prior to any payment under the policy? If answering in the affirmative, please identify: (i) the specific formula utilized; (ii) the source of the formula (i.e. section of the policy identifying the formula); and (iii) any variables effecting such a calculation.

8. State the facts and circumstances upon which you rely for each affirmative defense set forth in your Answer and Affirmative Defenses.

9. Do you contend that anything other than a covered peril under the subject homeowners policy is, or may be, the cause, in whole or in part, of damage to the insured premises, for which claims have been asserted against you in this lawsuit? If so, state the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have previously notified Plaintiff of your contention.

7

Exhibit "A-29 of 32"

10.     Have you ever heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

11.     State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, video-tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

12.     For each claim for insurance benefits submitted to you by Plaintiff during the past four (4) years, please state: (i) the date Plaintiff first reported the loss to you; (ii) the "date of loss" or date associated with the claim; (iii) whether the claim was denied; (iv) if any payment was tendered or offered, the amount and date of such payment or offer; and (v) the policy number, coverage limits and policy period of any insurance policy in effect at the time the claim was submitted.

8

Exhibit "A-30 of 32"

GEOVERA SPECIALTY INSURANCE COMPANY F/K/A
USF&G SPECIALTY INSURANCE COMPANY,

By: _____

STATE OF FLORIDA

COUNTY OF _____

     The foregoing instrument was acknowledged before me this ____ day of _____,
2009, by _____ who is personally known to me or who has produced
_____ as identification and who did (did not) take an oath, and who says that he/she
executed the foregoing Answers to Interrogatories and that the Answers are true and correct to
the best of his/her knowledge and belief.

(seal)

                          Notary Public

                          Printed Name

9

Exhibit "A-31 of 32"

## MARSHALL THOMAS BURNETT

### ATTORNEYS AT LAW

200 N. PIERCE ST., FIRST FLOOR
TAMPA, FLORIDA 33602
TELEPHONE: (813) 221-2525
FACSIMILE: (813) 227-8900

JOSHUA E. BURNETT •
ALAN S. MARSHALL •
JOHN E. "JED" THOMAS
KENNETH C. THOMAS, JR.
MOLLY E. THOMAS

ERIK C. "RICK" NUTTER, JR.
ROBERT L. NIPPS
JOSHUA M. ZUDAR

October 12, 2009

+ ALSO ADMITTED IN TENNESSEE

Department of Financial Services
Chief Financial Officer
Service of Process Section
Post Office Box 6200
Tallahassee, Florida 32314-6200

<u>Via Certified Mail</u>
<u>Return Receipt Requested</u>
<u>7007 2680 0002 3510 8447</u>

Re: *Kenneth Murray v. GeoVera Specialty Insurance Company f/k/a USF&G
Specialty Insurance Company
Case No.:09-2902CA*

Dear Sir or Madam:

Please find enclosed our firm's check in the amount of $15.00 together with the three summonses, two copies of the complaint, and our initial discovery.

Please serve:

*GeoVera Specialty Insurance Comp. f/k/a USF&G Specialty Ins. Comp.*
c/o Florida Chief Financial Officer as RA
Service of Process Section
Post Office Box 6200
Tallahassee, Florida 32314-6200

Once the Defendant in this case has been served, kindly return your Affidavit of Service to my office. If you should have any questions regarding this matter, please do not hesitate to contact me at (813) 221-2525.

Sincerely,

John E. Thomas
[Signed in his absence to avoid delay]

JET/tlk

Enclosures

cc: Kenneth Murray (via U.S. Mail without enclosures)
Brian Ellis, Adjustment IIWII Group, Inc. (via U.S. Mail without enclosures)

TRINITY • TAMPA • MURFREESBORO

WWW.MTBLAW.COM

Exhibit "A-32 of 32"

6417

IN THE CIRCUIT COURT OF THE 19TH
JUDICIAL CIRCUIT IN AND FOR
MARTIN COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.  09-2902 CA

KENNETH MURRAY,

    Plaintiff,

vs.

GEOVERA SPECIALTY INSURANCE COMPANY,
A foreign corporation

    Defendant.

_____/

### DEFENDANT, GEOVERA SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

WRITTEN NOTICE is given that on November 12, 2009, Defendant, GEOVERA

SPECIALTY INSURANCE COMPANY filed in the United States District Court for the

Southern District of Florida, a Notice of Removal of the above-styled cause from the

Circuit Court of the 19th Judicial Circuit in and for Martin County, Florida pursuant to 28

U.S.C. Section 1332. A copy of the Notice of Removal is attached hereto as **Exhibit "A-
1-3"**.

Notice is further given that on November 12, 2009, the above-named Defendant

filed a copy of the Notice of Removal with the clerk of the 19th Judicial Circuit in and for

Martin County, Florida.

Respectfully submitted this _12 th_ day of November, 2009.

GROELLE & SALMON, P.A.

By: _____

Jonathan M. Sabghir, Esq.
FBN 394696

-1-

Exhibit "B-1 of 2"

CASE NO.  09-2902 CA
Kenneth Murray vs. Geovera Specialty Insurance Company
Defendant Geovera's Notice of Removal

        WE HEREBY CERTIFY that a true and correct copy of the foregoing has been
furnished by email and first class U.S. Mail this _12ʰ_ day of November, 2009 to:

John E. Thomas, Esq.
Marshall Thomas Burnett, P.L.
200 N. Pierce Street, First Floor
Tampa FL 33602
Tel: 813-221-2525
Fax: 813-227-8900
Email: jthomas@mtblaw.com
FBN 097519

                        GROELLE & SALMON, P.A.
                        Attorneys for Defendant
                        12012 South Shore Blvd., Suite 200
                        Wellington, FL 33414
                        Phone 561-963-5500
                        Fax 561-963-2265
                        Email jsabghir@gspalaw.com

                        By: _____
                            Jonathan M. Sabghir, Esq.
                            FBN 394696

-2-

**Exhibit "B-2 of 2"**

# 09-14375-Civ-GRAHAM/LYNCH
# CIVIL COVER SHEET

ELECTRONIC

**Nov. 12, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

KENNETH W. MURRAY

## DEFENDANTS

GEOVERA SPECIALTY INS. CO.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Martin Florida**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Solano California**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John E. Thomas, Esq.
Marshall Thomas Burnett, P.L.
200 N. Pierce Street, First Floor
Tampa FL 33602
Tel: 813-221-2525
Fax: 813-227-8900

ATTORNEYS (IF KNOWN)
Jonathan M. Sabghir, Esq.
Groelle & Salmon, P.A.
12012 South Shore Blvd., Suite 200
Wellington FL 33414
Tel: 561-963-5500
Fax: 561-963-2265

09cv14375-DLG/FVL

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN X ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
X 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | X 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | X 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. SECTIONS 141 AND 1146

28 U.S.C. Sections 141 and 1146 Removal based upon underlying breach of contract action >$75,000 exclusive of fees & costs.

**IVa.** **3** days estimated (for both sides) to try entire case

## V. NATURE OF SUIT
(PLACE AN X IN ONE BOX ONLY)

| A CONTACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| X 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 850 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

## VI. ORIGIN
(PLACE AN X IN ONE BOX ONLY)

☐ 1. Original Proceeding
X 2. Removed From State Court
☐ 3. Remanded from Appellate Court
☐ 4. Refiled
☐ 5. Transferred from another district (Specify)
☐ 6. Multidistrict Litigation
☐ 7. Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
○ YES ● NO

DEMAND $
Check YES only if demanded in complaint:

JURY DEMAND: ● YES ○ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):
JUDGE
DOCKET NUMBER

DATE
11/12/09

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

38 of 38

FOR OFFICE USE ONLY: Receipt No. 548036
Date Paid: $350.00

Amount: _____
M/ifp: _____